(R.D. 11522)

GEO. S. BUSH & CO., INC., ET AL. *v.* UNITED STATES

Entry No. 4566, etc.

(Decided May 16, 1968)

*Glad & Tuttle* for the plaintiffs.

*Edwin L. Weisl, Jr.*, Assistant Attorney General, for the defendant.

LANDIS, Judge: The appeals for reappraisement listed in schedule A, attached to and made a part of this decision and of the judgment, have been submitted for decision upon the following stipulation of counsel for the parties:

IT IS HEREBY STIPULATED AND AGREED, by and between the parties hereto, subject to the approval of the court, as follows:

1. That the appeals for reappraisement set forth in Schedule "A" hereto attached and made a part hereof cover merchandise entered or withdrawn from Customs warehouse for consumption after the effective date of the Customs Simplification Act of 1956 and was therefore appraised under Section 402(b) of the Simplification Act of 1956, Public Law 927, 84th Congress, 2nd Session; said merchandise not being identified in the final list published in T.D. 54521.

2. That as to the merchandise marked "A" in green ink and initialed GKY by Commodity Specialist George K. Yamauchi, at the time of exportation to the United States, the prices at which such or similar merchandise was freely sold or offered for sale in the principal markets of Japan, in the usual wholesale quantities and in the ordinary course of trade, for exportation to the United States, were at the invoiced unit values, net packed, or plus packing where packing is listed separately on the invoices as not being included in the entered unit values.

3. That the appeals for reappraisement set forth in Schedule "A", are submitted on this stipulation.

Accepting this stipulation as a statement of facts, I find and hold that export value, as defined in section 402(b) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956 (T.D. 54165), is the proper basis for determining value of the merchandise marked with the letter "A" and with the initials of the commodity specialist on the invoices covered by the entries in these reappraisements, and that such value is the invoice unit values, net packed, or plus packing where the packing is listed separately on the invoices as not being included in the entered unit values.

In all other respects and as to all other merchandise, the appeals for reappraisement are dismissed.

Judgment will be entered accordingly.